FILED
2017 DEC 22 A 10: 28
U.S. DISTRICT COURT
EASTERN DIST. TENN.
_____DEPT. CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor, <br><br> Petitioner, <br><br> v. <br><br> JEWELRY TELEVISION, <br><br> Respondent. | ) ) ) ) ) ) ) ) ) ) ) ) ) 3:17 cv 545 |

## MEMORANDUM IN SUPPORT OF PETITION TO COMPEL RESPONDENT TO PRODUCE DOCUMENTARY EVIDENCE

This is an action brought by R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("the Secretary") to enforce compliance with an Administrative Subpoena *Duces Tecum* issued by the Regional Director of the Atlanta Regional Office of the Employment Benefits Security Administration ("EBSA") of the United States Department of Labor, in connection with an ongoing investigation conducted pursuant to Section 504 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1134 (the "Subpoena"). This Court has jurisdiction over this Petition pursuant to Sections 9 and 10 of the Federal Trade Commission Act, 15 U.S.C. §§ 49 and 50, as made applicable to ERISA by Sections 504(c) and 502(e)(1) of ERISA, 29 U.S.C. §§ 1134(c) and 1132(e)(1). This memorandum of law is submitted in support of the Secretary's

petition to compel Respondents to produce documents as demanded by the Subpoena duly served upon Respondent.

This Petition requests this Court to issue an Order for Respondent to show cause why it should not produce all documents requested by the Subpoena. The requested documents are relevant to EBSA's investigation and Respondent's failure to provide the documents is impeding the Secretary's proper exercise of his lawful authority and responsibility to enforce and administer ERISA.

I. **FACTS**

Respondent Jewelry Television ("JT") is a Tennessee corporation with its principal place of business and Registered Agent located at 9600 Parkside Dr., Knoxville, TN 37922. Respondent is the sponsor of the Jewelry Television Accumulated Assets 401(k) Plan (the "Plan").

At all times relevant hereto, the Secretary, through the Atlanta Regional Office of EBSA, has been conducting an investigation of the Plan under ERISA § 504(a), 29 U.S.C. § 1134(a), to determine whether any person has violated or is about to violate any provision of Title I of ERISA or any regulation or order promulgated thereunder.

On October 14, 2017, EBSA sent the Subpoena by certified mail, which was delivered on October 19, 2017, seeking the production of certain documents necessary for its investigation. Affidavit of Carla Gatling ("Gatling Aff.") at ¶¶ 6-8. The Subpoena required Respondent to produce the responsive documents by November 4, 2016.

2

On October 24, 2016, Respondent sent EBSA a letter, which is attached as Exhibit B to Carla Gatling's affidavit, acknowledging receipt of the Subpoena, and refusing to comply with the Subpoena asserting that EBSA could review the documents at JT's office, but that JT will not allow EBSA to copy or otherwise take any documents. Further, JT argues that because EBSA conducted an on-site audit, EBSA is precluded from subpoenaing documents to continue its investigation off-site.

The Subpoena seeks documents necessary for EBSA to complete its investigation of the Plan. The subpoena has 34 separate requests. All but one, request eleven, are expressly limited to documents directly related to the Plan and its administration. The temporal scope does not go beyond January 1, 2014, which was less than three years from the subpoena's issuance. The requests seek Plan documents, minutes and communications about Plan administration, reports the Plan is required to prepare and send to government agencies and participants, documents about the Plan's finances including contributions and distributions, the identity of Plan participants and those working on behalf of the Plan, contracts with service providers, and participant account information. Respondent lodges no objection to individual requests, and apparently is willing to produce the documents for review at JT"s office, but not for copying.

Despite EBSA's and its attorneys' good faith attempts to secure compliance with the Subpoena, Respondent has refused to produce responsive documents for

3

copying. Accordingly, the Secretary files the current Petition to secure this Court's assistance in obtaining copies of the subpoenaed documents.

## II. ARGUMENT

### A. An Administrative Subpoena *Duces Tecum* Issued Pursuant to a Legitimate Investigation and that Seeks Reasonably Relevant Documents Must be Enforced.

As the Supreme Court held over fifty years ago in the seminal case of Oklahoma Press Publishing Co. v. Walling, 327 U.S. 186, 201 (1946), an administrative subpoena enables a federal agency to fulfill its investigative burden; therefore, to invalidate an administrative subpoena is to question the power of Congress to delegate enforcement of federal laws. As a result of this Supreme Court holding, a proceeding brought to enforce an administrative subpoena is limited in nature. E.g., Doe v. United States, 253 F.3d 256, 262 (6th Cir. 2001); accord Oklahoma Press Publishing, 327 U.S. at 216-217.

The scope of the subpoena enforcement proceeding is narrow because of the important governmental interest in the expeditious investigation of possible unlawful activity. Doe, 253 F.2d at 263 (citations omitted). Thus, while the court's function is neither minor nor ministerial, the scope of issues to be litigated is limited to the question of whether the agency issued the administrative subpoena for proper investigatory purposes. Oklahoma Press Publishing, 327 U.S. at 217. In this Circuit, a district court must enforce an administrative subpoena if 1) the subpoena satisfies the terms of its authorizing statute, 2) the documents requested are relevant to the investigation, 3) the information sought is not already in the

4

agency's possession, and 4) enforcement of the subpoena will not constitute an abuse of the court's process. United States v. Markwood, 48 F.3d 969, 980 (6th Cir. 1995); see also E.E.O.C. v. Karuk Tribe Housing Authority, 260 F.3d at 1076 (9th Cir. 2001) (holding that "courts must enforce administrative subpoenas unless the evidence sought by the subpoena is plainly incompetent or irrelevant to any lawful purpose of the agency"). An affidavit from a government official is sufficient to establish a *prima facie* case. U.S. v. Stuart, 489 U.S. 353, 360 (1989).

Once EBSA makes its *prima facie* showing, the court must issue an order to show cause why the administrative subpoena should not be enforced unless Respondent meets its burden of providing compelling reasons why the subpoena should not be enforced or should be enforced only in modified form. U.S. v. Powell, 379 U.S. 48, 57-58 (1964).

- B. The Court Should Enforce EBSA's Administrative Subpoena *Duces Tecum* Because the Subpoena Meets this Circuit's Test for Enforcement.

    - *1) Congress authorized the Secretary to conduct investigations and to issue administrative subpoenas duces tecum in furtherance of the Secretary's ERISA enforcement obligations.*

The Subpoena in this case was issued by EBSA, an agency of the United States Department of Labor. ERISA § 504, 29 U.S.C. § 1134, gives the Secretary broad authority to conduct investigations to determine whether any person has violated or is about to violate any provision of Title I of ERISA or any regulation or order issued under that Title. This investigatory power includes the power to issue administrative subpoenas *duces tecum* to compel the production of documents and

5

to have them enforced by the district court of the United States. Id.; see also Dole v. Milonas, 889 F.2d 885, 888 (9th Cir. 1989) (holding that section 1134(c) of that title [29 U.S.C.] also makes §§ 9 and 10 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 49 and 50, relating to compelling the attendance of witnesses and the production of documents at investigatory proceedings, applicable under ERISA). Thus, EBSA has statutory authority to issue administrative subpoenas, such as the one issued here, in furtherance of its investigation to determine whether any person, including Respondent, has or is about to violate ERISA, and to have the district courts of the United States enforce such subpoena.

The Subpoena was issued by the Regional Director of the Atlanta Regional Office of EBSA, who as an authorized representative was delegated authority from the Secretary to issue the Subpoena and who determined that the Subpoena was appropriate to issue in connection with the on-going investigation. The Subpoena was properly served on Respondent, who acknowledged receipt of the Subpoena. Accordingly, the agency has met the procedural requirements for proper service of the Subpoena.

        2)     *The information sought through the Subpoena is relevant and material to EBSA's investigation.*

Courts give broad latitude in determining whether documents sought by administrative subpoenas are relevant and material. As the Supreme Court found:

> Because judicial power is reluctant if not unable to summon evidence until it is shown to be relevant to issues in litigation, it does not follow that an administrative agency charged with seeing that the laws are enforced may not have and exercise powers of original inquiry. It has

6

> a power of inquisition, if one chooses to call it that, which is not derived from the judicial function. It is more analogous to the Grand Jury, which does not depend on a case or controversy for power to get evidence but can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not. When investigative and accusatory duties are delegated by statute to an administrative body, it, too, may take steps to inform itself as to whether there is probable violation of the law.

Markwood, 48 F.3d at 977 quoting Morton Salt, 338 U.S. at 641. The test for relevance is "whether the information sought *might assist* in determining whether any person is violating or has violated any provision of Title I of ERISA." Donovan v. National Bank of Alaska, 696 F.2d 678, 684 (9th Cir. 1983) (*emphasis added*). Thus, under controlling precedent, the Secretary's administrative subpoena *duces tecum* satisfies the relevance standard where the Secretary demonstrates that the material requested "might assist" EBSA in determining whether a violation has occurred. EBSA clearly has the authority to review such documents in connection with its investigation. As ERISA makes clear:

> The Secretary shall have the power, in order to determine whether any person has violated or is about to violate any provision of this subchapter or any regulation or order thereunder to make an investigation . . . and to enter such places, inspect such books and records and question such persons as he may deem necessary to enable him to determine the facts relative to such investigations, if he has reasonable cause to believe there may exist a violation of this subchapter or any rule or regulation issued thereunder. . . .

ERISA § 504(a), 29 U.S.C. § 1134(a).

The current investigation of the Plans is being conducted to determine whether any person has violated or is about to violate any provision of Title I of ERISA. Gatlin Aff. at ¶ 2. The investigation relates to the administration of JT's

7

401(k) plan and each category of documents the subpoena requests is directly related and temporally limited to the Plan and its administration. Respondent does not seem to dispute that the scope of documents requested is appropriate. Rather, Respondent suggests that EBSA should not be allowed copies and that employers such as Respondent should be permitted to dictate where and under what circumstances EBSA conducts its investigation.

As the Secretary has made a *prima facie* showing that EBSA has the authority to issue the Subpoena, that the Subpoena was properly issued and that the information sought is reasonably relevant, EBSA is entitled to the issuance of an order to show cause why the Subpoena should not be enforced. See Powell, 379 U.S. at 57-58.

### 3) *EBSA does not already have the information*

EBSA did conduct an initial on-site audit and reviewed some of the requested documents, but Respondent refused to permit EBSA to copy or otherwise take any of the documents from Respondent's office. Moreover, EBSA was only able to review a portion of the documents necessary to complete a full investigation, and some in only a cursory fashion. Gatling Aff. ¶3-4 . In any event, EBSA does not possess the documents it seeks.

### 4) *Enforcing the Subpoena will not abuse the Court's process*

Bad faith in issuing the subpoena is usually required to show an abuse of the Court's process. Markwood, 48 F.3d at 984-6. As shown above, EBSA had a

8

proper basis and followed proper procedure in issuing and serving the Subpoena. Again, Respondent has not refused to produce documents for review, but is refusing to allow documents to be copied and reviewed offsite. Respondent asserts that because EBSA began its investigation on site, it is improper to request to copy documents to review elsewhere. To the contrary, for various reasons, EBSA routinely begins investigations onsite where the documents and often relevant people exist and after obtaining an overview and better understanding of what is involved, obtains documents to finish the investigation at its own office. Gatling Aff. ¶ 4. Respondent suggests EBSA is not following proper procedure in that the Subpoena constitutes a second investigation or improper second request for information. To the contrary, EBSA asked to copy most of these documents, most of which are electronic and entail burning to a CD or similar device, while it was on site during the initial investigation. Both EBSA's request and Respondent's refusal started then and continue now. As Respondent has not and cannot prove that EBSA acted in bad faith or is otherwise abusing the Court's process, the Subpoena should be enforced.

### III. CONCLUSION

The Secretary has met his burden of establishing that he is engaged in legitimate law enforcement inquiries and that the documents requested in the Subpoena are relevant to EBSA's investigation. Respondent has asserted no reasonable justification for its refusal to comply with the Subpoena. Accordingly,

9

for all the reasons set forth above, the Petition to enforce the Secretary's administrative Subpoena should be granted.

Dated this 21st day of December 2017.

ADDRESS:

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA 30303

Telephone:
 (404) 302-5461
 (404) 302-5438 (FAX)
Steffenson.dane@dol.gov

NICHOLAS C. GEALE
Acting Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

ROBERT M. LEWIS, JR.
Counsel for ERISA

By: /s/ *signature*
DANE L. STEFFENSON
Senior Trial Attorney

Office of the Solicitor,
U. S. Department of Labor,
Attorneys for Complainant.