IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>       Petitioner,<br><br>   v.<br><br>JEWELRY TELEVISION,<br><br>       Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### AFFIDAVIT IN SUPPORT OF
### PETITION TO COMPEL RESPONDENTS
### TO PRODUCE DOCUMENTARY EVIDENCE

STATE OF GEORGIA )
          )
COUNTY OF FULTON )

  Carla D. Gatling, being duly sworn, deposes and says:

  1. I am an investigator for the Atlanta Regional Office of the Office of Employee Benefits Security Administration, United States Department of Labor ("EBSA"), and I work in the Atlanta Regional Office located in Atlanta, Georgia. I am over 18 years of age and have personal knowledge of all matters related in this Affidavit.

  2. In the course of my official duties, I have been conducting an investigation of the Jewelry Television Accumulated Assets 401(k) Plan (the "Plan") to determine whether any person has violated or is about to violate any provision of



Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), or any regulation or order issued thereunder.

3. During the initial investigation, I conducted a limited on-site audit at Jewelry Television's office ("JT") of certain records and conducted limited interviews to gather information from September 26, 2016, to September 30, 2016.

4. EBSA routinely begins investigations onsite where the documents and often relevant people exist and after obtaining an overview and better understanding of what's involved obtains documents to finish the investigation at its own office, which is what occurred in this investigation. During the onsite, I was only able to review a part of the relevant documents and ask questions to obtain a better understanding of the Plan from which to review the rest of the documents.

5. Prior to that on-site visit, I provided a list of documents to be available. The list of documents was similar to the list of documents for which the Subpoena dated October 14, 2016, was issued.

6. During the on-site visit, I requested copies of both documents that I reviewed and those that I did not have time to review. JT refused to permit me to copy or take any documents from its office.

7. On October 14, 2016, I sent by certified mail the Subpoena I prepared for EBSA's Regional Director to sign, a true and accurate copy of which is attached as Exhibit A.

8. I confirmed that the Subpoena was delivered to JT on October 19, 2017.

9. JT acknowledged receiving the Subpoena and wrote a response on October 24, 2016, a true and accurate copy of the letter EBSA received is attached as Exhibit B.

10. The sole purpose in issuing the Subpoena was to obtain records that would permit me to complete my investigation of the Plan.

11. Although JT appears to agree that the subpoenaed documents can be reviewed, JT has continued to refuse to allow the subpoenaed documents or copies of them to be taken to EBSA's offices.

                                          */s/ Carla Gatling*
                                          Carla Gatling
                                          Investigator

Subscribed and sworn to before me
this 20th day of December, 2017.

NOTARY PUBLIC
My Commission Expires
05/05/20

3