ARO 40-1987

# SUBPOENA

# UNITED STATES OF AMERICA
## DEPARTMENT OF LABOR
### Employee Benefits Security Administration

*To:* Custodian of Records
Jewelry Television
9600 Parkside Drive
Knoxville, TN 37922

*You are hereby required to appear before Investigator Carla D. Gatling or Supervisory Investigator David Ritter of the Employee Benefits Security Administration, U.S. Department of Labor, at 61 Forsyth Street, Room 7B54 in the City of Atlanta, Georgia 30303 on the 4th day of Novembet 2016, at 2:30 p.m. of that day, in the Matter of an investigation of*

### Jewelry Television Asset Accumulation 401(k) Plan

*being conducted pursuant to Section 504 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Section 1134, in order to determine whether any person has violated or is about to violate any provision of Title I of ERISA or any regulation or order thereunder;*

*And you are hereby required to bring with you and produce at said time and place the following books, papers, and documents:*

*See Attached.*

*Fail not at your peril.*



In testimony whereof *I have hereunto affixed my signature and the seal of the* United States Department of Labor

<u>at Atlanta, Georgia</u>          .
this <u>14</u>     day of October, 2016

ISABEL COLON, Regional Director

EXHIBIT B

40-024314
## Return of Service
## ARO 40-1987

*I hereby certify that the original of the within subpoena was duly served on the person named herein.*

(Check method used)

☐ *in person*

☐ *by certified or registered mail*

☐ *other (specify)* _____

☐ *by leaving at principal office or place of business, to wit:*

_____
_____

on _____
   (Month, day, year)

_____
(Name of person making service)

_____
(Official Title)

**U.S. Department of Labor**  Employee Benefits Security Administration
61 Forsyth Street SW
Atlanta, Georgia 30303



## CERTIFIED MAIL - RETURN RECEIPT REQUESTED

OCT 1 4 2016

Custodian of Records
Jewelry Television
9600 Parkside Drive
Knoxville, Tennessee 37922

Re: Investigation of: Jewelry Television Accumulated Assets 401k Plan
EBSA Case No.: 40-024314

Dear Custodian of Records:

This office is conducting an investigation of the above-referenced matter pursuant to §504(a)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1134(a)(1), to determine whether any person has violated or is about to violate any provision of Title I of ERISA. Enclosed is a subpoena which requires you to produce certain documents and records in connection with that investigation.

Your personal appearance pursuant to this subpoena will not be required at this time provided the documents are produced on or before the date noted in the subpoena. You will be informed at a later date if your personal appearance to testify is required. Inasmuch as your appearance is not now being required, please provide a cover letter with your response which identifies the documents being produced. Your cover letter should also state whether a diligent search has been made for the subpoenaed documents and that the documents transmitted constitute all documents called for by the subpoena.

The subpoena requests that documents maintained in electronic form, Electronically Stored Information (ESI), be produced in electronic form. The formats in which the EBSA can accept ESI are listed in the subpoena. When producing ESI, the material should be produced as maintained on your computer system, i.e., ESI should be produced with all files, folders and sub-folders intact, and emails should be produced with all attachments intact.

If any documents called for are not furnished, please list such documents and indicate their location and the reason for their non-production.

This inquiry should not be construed as an indication that any violations of law have occurred or as a reflection upon any person involved in this matter.

*Working for America's Workforce*

If you have any questions concerning your rights and duties, you may wish to consult counsel. If you have any questions concerning the subpoena or the documents required to be produced, including the production of ESI and the appropriate format and media, please call Investigator Carla D. Gatling at (404) 302-3925 or Supervisory Investigator David Ritter at (404) 302-3948.

Sincerely,

ISABEL COLON
Regional Director

Enclosure

L:\RITTER\GATLING\024314 JEWELRY TELEVISION\Sub Cover Letter JTV.doc

*signature* 10/14/14

Attachment to Subpoena

CUSTODIAN OF RECORDS – Jewelry Television Asset Accumulation 401(k) Plan

I. **DEFINITIONS**

    A.    The term "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

    B.    The term "communication" means any oral, written or other exchange or transmission of information (in the form of facts, ideas, inquiries, opinions, analysis or otherwise), including correspondence, memos, reports, emails, electronic documents, telephone conversations, telephone or voicemail messages, face-to-face meetings or conversations, and Internet postings and discussions.

    C.    The term "Corporate Accounts" means any account held with you or any Jewelry Television_Asset Accumulation 401(k) Plan banking service/facility granted by you.

    D.    The term "document" or "documents" means and includes all writings, recordings or electronic data consisting of letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, word processing, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, still photographs, X-ray films, video tapes, motion pictures, electronic mail messages (email), voice mail messages, electronic instant messages (IM), spreadsheets, databases, electronic calendars and contact managers, back-up data, and or other form of data compilation, stored in any medium from which information can be obtained (including but not limited to magnetic tape, magnetic disk, CD-ROM, DVD, optical disk, flash drive or other electronic or mechanical storage device), however produced, reproduced or stored, of every kind of description within the your possession, custody or control of any agent, employee, representative or other persons acting or purporting to act for or on behalf of the you, including but not limited to notes; memoranda; records; reports; correspondence; telexes and faxes; agreements; contracts; accounting or financial records or worksheets; account books; journals; ledgers; bills; receipts; vouchers; transcripts or notes of conversations or meetings; minutes of meetings; statements; directives in any form from general partners or other representatives; diary entries; studies; summaries and/or records of telephone conversations; interviews, meetings and/or conferences; tabulations; and shall include the original and all non-identical copies; all drafts even if not published, disseminated, or used for any purpose; all notes, schedules, footnotes, attachments, enclosures, and documents attached or referred to in any document to be produced pursuant to this subpoena.

    E.    The term "email" or "electronic mail" mean any electronic communication made using computer communications software, whether through a local computer

1

network or through the Internet, and whether maintained in electronic form and/or paper form. Email maintained in electronic form may be produced in electronic form.

F.  The term "including" shall be construed to mean "without limitation".

G.  The term "JTV" means Jewelry Television, whose principal office address is 9600 Parkside Drive, Knoxville, TN 37922.

H.  The term "person" means any human being, partnership, joint venture, corporation, unincorporated association, organization, institution, Investment Vehicle, or any other entity.

I.  The term "relate to" or "relating to" means constituting, referring to, pertaining to, responding to, regarding, evidencing, explaining, discussing, depicting, analyzing, or containing any information which in any way concerns, affects, or describes the terms or conditions, or identifies facts, with respect to the subject of the inquiry.

J.  The term "you" and "your" means Jewelry Television and includes any and all predecessor or successor organizations as well as affiliates, subsidiaries, or entities which are related, or under common control or ownership thereof, which provide or provided services to Jewelry Television Asset Accumulation 401(k) Plan.

II. **INSTRUCTIONS**

A.  <u>Scope of search</u>. This subpoena calls for all documents in your possession, custody, or control. You are required to search for, obtain, and produce all responsive documents, including without limitation documents that are in your custody or control, but not in your immediate possession. This includes any responsive documents in the possession, custody, or control of any person acting on your behalf or under your direction or control, such as your employees, accountants, agents, representatives, attorneys, or advisors.

B.  Relevant time period. Unless otherwise specified, the time period covered by this subpoena is from January 1, 2014, to the date of production. Documents created prior to January 1, 2014, which have been used or relied on since January 1, 2014 or which describe legal duties which remain in effect after January 1, 2014 (such as contracts and trust agreements), shall be considered as included within the time period covered by this subpoena.

C.  Privileges and Protections. If you do not produce documents because you object to part of or an aspect of a request, please provide a written response stating the precise basis for the objection and produce all documents responsive to the remaining part or aspect of the requests.

If any documents responsive to this subpoena are withheld because of a claim of privilege, identify the documents you claim are privileged in a written response, and indicate for each such document:
1) the nature of the privilege or protection claimed;
2) the factual basis for claiming the privilege or protection asserted;
3) the subject matter of the document;
4) the type, length, and date of the document;
5) the author of and/or signatory on the document; and
6) the identity of each person to whom the document was directed or distributed.

D. <u>Electronically stored information</u>. If any document called for by this subpoena exists as, or can be retrieved from, information stored in electronic or computerized form, then you are directed to produce the document in computerized form in one of the following formats: Microsoft Word (doc), WordPerfect (wpd), Rich Text (rtf), Microsoft Outlook (pst), Microsoft Outlook Express (msg), Microsoft Excel (xls), Microsoft Access (mdb), PDF, TIFF, CSV, ASCII, TXT, Concordance, or Quickbooks. Files of the preceding types can be submitted in a ZIP compressed format. Sufficient information including sufficient identification of the applicable software program and passwords, if any, should be provided to permit access to and use of the documents. Images created through a scanning process should have a minimum resolution of 300 dots per inch (dpi).

E. <u>Tenses</u>. Verbs used in the past tense should be read also to include the present tense, and verbs used in the present tense should be read also to include the present tense.

F. <u>Singular/Plural</u>. The singular number of a noun, pronoun, or verb should be read also to include the plural, and the plural number of a noun, pronoun, or verb should be read also to include the singular.

G. <u>Word Neutrality</u>. All words and phrases shall be construed as masculine, feminine or gender neutral as necessary to bring within the scope of this subpoena documents that might otherwise be construed to be outside its scope.

H. <u>Proprietary and Confidential</u>. If you contend documents responsive to this subpoena are proprietary or confidential, you should mark those documents as such and produce the documents. The Department of Labor follows procedures in accordance with the Freedom of Information Act ("FOIA") and Executive Order 12600, which allows for the withholding of certain proprietary and confidential documents pursuant to the requirements of Exemption 4 of FOIA.

I. <u>Manner of production</u>. All documents produced in response to this subpoena shall comply with the following instructions:

3

    a.    You should conduct your searches for responsive documents in a manner sufficient to identify the source and location where each responsive document is found.

    b.    All documents produced in response to this subpoena shall be segregated and labeled to show the document request to which the documents are responsive and the source and location where the documents were found.

    c.    To the extent that documents are found in file folders and other similar containers that have labels or other identifying information, the documents shall be produced with such file folder and label information intact.

    d.    To the extent that documents are found attached to other documents, by means of paper clips, staples, or other means of attachment, such documents shall be produced together in their condition when found.

    e.    All documents provided in response to this subpoena are to include the marginalia and post-its, as well as any attachment referred to or incorporated by the documents.

    f.    In the event that there are no documents responsive to a particular request, please specify that you have no responsive documents.

    g.    If documents relied upon or required to respond to any of this subpoena, or requested documents, are no longer in your possession, custody, or control, you are required to state what disposition was made of such documents, including identification of the person(s) who are believed to be in possession or control of such documents; the date or dates on which such disposition was made, and the reason for such disposition.

    h.    <u>Electronic media</u>: To the extent that the documents that are responsive to this subpoena may exist on electronic media, those documents shall be provided on one of the following media: Compact Disk–Read Only Memory (CD-ROM), Digital Versatile Disc–Read Only Memory (DVD), or USB hard drive.

### III.    DOCUMENTS TO BE PRODUCED:

1. Summaries of Plan participants' account balances for Plan Year(s) Ending 2014 and 2015;

2. Current Plan Document, Trust Agreement, Adoption Agreement (if any), and all amendments to those documents;

3. Latest Internal Revenue Service Qualification Letter relating to the Plan;

4

4. Current Summary Plan Description, with any amendments, updates, or material modifications;

5. Summary Annual Reports for Plan Year(s) Ending 2014 and 2015;

6. Annual Return Forms 5500 for Plan Year(s) Ending 2014 and 2015 with all required schedules, attachments (e.g. accountant's opinion), and audited financial statements;

7. Documents which reflect the Plan's income/expenses and assets/liabilities for the period 2014 to present. If current financial statements are not available, then in lieu thereof, a Plan Valuation Statement or other similar statement for the period from January 1, 2014 to the present or for each quarterly period during the period from January 1, 2014 to the present;

8. Any and all fiduciary liability insurance policies, if applicable, relating to either the Plan or the Plan's fiduciaries or both;

9. Trustee or Administrative, Investment Committee Meeting minutes from January 1, 2014 to the present, if any;

10. Names, addresses, and telephone numbers for the Trustee(s), Plan Administrator, and all service providers to the Plan for the period January 1, 2014 to the present;

11. Bank statements, transaction statements, cancelled checks, deposit slips, check stubs, wire or electronic transfer confirmations, and any other documents relating to all bank accounts maintained by or on behalf of the Plan;

12. Documents that list or set forth contact and/or identifying information for any and all Plan participants, including Social Security Numbers, dates of birth, addresses, telephone numbers, and/or email addresses for each participant;

13. Documents that list, describe or otherwise identify all Plan participants and all participant account balances;

14. Documents that list, set forth or identify the following information with respect to distributions made to participants from January 1, 2014 to the present: name, Social Security Number and address of each Plan participant, and the amounts of the distributions;

15. All financial statements for Plan participant accounts for January 1, 2014 to the present;

16. All financial statements for the Plan, including both financial statements that have and have not been audited;

17. Financial records in support of any and all employer matching contributions to the Plan for January 1, 2014 to the present;

18. All fee and service notices furnished to the Plan's fiduciaries by the service providers to the plan (including, but not limited to, investment managers, investment advisors, actuaries, recordkeepers, third party administrators, and any other service providers to the plan);

19. All statements furnished to participants by the Plan administrator (or by the Plan administrator's designated service provider) regarding (i) the investments of the Plan (including applicable benchmarks and performance data), and (ii) the fees and expenses associated with such investments of the Plan;

20. Documents relating to all transfers to the Plan's custodian of assets of any employee contributions to the Plan, and/or any Plan loan repayments, made through means other than withholdings from wages;

21. Documents relating to all Plan participant loans, including loan applications, promissory notes, mortgages, amortization schedules, repayment schedules, repayment statements or records, and documents relating to payroll deductions for loan repayments;

22. Documents relating to any employer mandatory and/or matching contributions made to the Plan and any employer discretionary contributions made to the Plan, including but not limited to all documents that identify the dates such contributions were made, the amounts contributed, and the method by which the amounts contributed were calculated;

23. Documents relating to all bank accounts maintained by or on behalf of the Plan, such as checking accounts, savings accounts, certificates of deposit, and money market accounts, including but not limited to account statements, correspondence, cancelled checks, wire or electronic transfer confirmations, signature cards, stop payments, and deposit slips;

24. Documents that list, describe or otherwise identify any and all Plan fiduciaries, trustees, and/or Plan administrators;

25. Documents that list or set forth contact and/or identifying information for any and all Plan fiduciaries, including Social Security Numbers, dates of birth, addresses, telephone numbers, and/or email addresses for each fiduciary;

26. Documents that list, describe or otherwise identify any and all service providers to the Plan;

27. Documents that list or set forth contact information for any and all service providers to the Plan, including addresses, telephone numbers, and/or email addresses for each service provider;

28. Annual valuation reports with employee census, for January 1, 2014 to the present, including the name, Social Security Number and address of each Plan participant;

29. Documents that list, describe or otherwise identify all contacts listed for the Plan, including names, addresses, or telephone numbers for all such contacts;

30. All contracts and/or service agreements, including fee schedules, with all service providers to the Plan;

31. Minutes of meetings of the Plan trustees and any plan administrative meetings, including committee and subcommittee meetings, along with attachments thereto for Plan years ending January 1, 2014 to the present;

32. Documents relating to communications relating to the Plan, including the administration and funding of the Plan, acquisition loans obtained by the Plan, investment of Plan assets, and complaints or requests by participants;

33. Organizational chart or list disclosing names of any affiliated organizations, as well as addresses and names of any and all directors and officers, for the period January 1, 2014 to present for Jewelry Television;

34. All books and records in support of items reported on the Forms 5500 relating to the Plan, including revenue and disbursement journals, invoices and vouchers, bank statements and brokerage or trust account statements, deposit slips and canceled checks, and loan documents for the period January 1, 2014 to present.